## (November 16, 1978)

■ PORTMAN CURSON, INC., et al., Respondents, v HARTFORD FIRE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant, and SAM PALMISANO, Doing Business as ATLANTIC CITY PHILADELPHIA EXPRESS, Third-Party Defendant-Respondent. INSURANCE COMPANY OF NORTH AMERICA et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered November 3, 1977, which, *inter alia,* granted third-party defendant Palmisano's motion for summary judgment dismissing the third-party complaint as against him, unanimously modified, on the law, so as to deny that motion, and otherwise affirmed; and judgment entered thereon on November 9, 1977, unanimously reversed, on the law, and vacated, without costs or disbursements. Plaintiffs exhibited two knitting machines in Atlantic City between April 29 and May 4, 1973. On or about May 9, 1973, third-party defendant Palmisano transported one of these machines to Kennedy Airport. During transit to the airport, plaintiffs maintain that the machine was damaged. They now sue their insurer, defendant Hartford, for damages. The latter, in turn, seeks judgment over against Palmisano. Subdivision (b) of section 2 of the subject bill of lading provides in pertinent part: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine

months after delivery of the property * * * Where claims are not filed * * * in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid." Palmisano contends that the third-party complaint must be dismissed as against him since plaintiffs never served a written claim upon him within the requisite nine-month period. Generally, any written document, however informal, which indicates an intention to claim damages and identifies the shipment, will be sufficient to comply with the mandate of subdivision (b) of section 2. The document need not be in a particular form. The requirement of a written claim is addressed to a practical exigency and is to be construed in a practical way *(American Synthetic Rubber Corp. v Louisville & Nashville R. R. Co.,* 422 F2d 462, 468). On May 30, 1973, shortly after the alleged occurence, plaintiffs' attorney forwarded the following letter to Palmisano: "We are the attorneys for Albi Knitting Machine, Inc. ('Albi'). I am informed that on or about May 9, 1973 a knitting machine was loaded on to one of your trucks at Atlantic City Convention Hall to be delivered to Seaboard Air Freight Terminal JFK International Airport, New York City. This machine arrived at Seaboard in a very badly damaged condition. If you would like to examine the damage to the machine or have an agent from your insurance company examine the machine before Albi returns it to Germany, please notify me by return mail. Otherwise I will assume that you are not interested in examining the machine which is being held at the Seaboard Air Freight Terminal, JFK International Airport, and I will advise our client to return the machine to Germany." While this letter does not specifically mention that a claim is being made, a fair and practical reading thereof, in this commercial setting, clearly reveals that, in fact, plaintiffs are making claim for the purportedly damaged machine. Palmisano's motion for summary judgment should have been denied since the above-quoted letter of May 30, 1973 satisfied the demands of subdivision (b) of section 2. At Special Term, Hartford had also cross-moved for summary judgment dismissing the complaint for plaintiffs' alleged failure to safeguard its rights of subrogation by not filing a written claim with Palmisano. Since we have found that the plaintiffs did file a proper claim, Hartford's cross motion is denied as academic. Even if the plaintiffs had failed to file a written claim, Hartford could not avoid its liability under the policy on the ground that plaintiffs had impaired its rights of subrogation. Hartford has no contractual right under the policy to demand that plaintiffs file a written claim. *(Insurance Co. of North Amer. v Newtowne Mfg. Co.,* 187 F2d 675, 684.) Concur—Murphy, P. J., Fein, Lane and Sullivan, JJ.